UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH STAFFORD,<br><br>        Petitioner,<br><br>    v.<br><br>ERIC ARNOLD,<br><br>        Respondent. | No. 2: 16-cv-1655 JAM KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

Introduction

        Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2014 prison disciplinary conviction for failing to obey an order. Pending before the court is respondent's motion to dismiss on grounds that petitioner's claims are not exhausted and procedurally defaulted. (ECF No. 11.) For the reasons stated herein, the undersigned recommends that respondent's motion be granted.

Discussion

        Respondent argues that petitioner's claims are not exhausted and procedurally defaulted because the California Supreme Court denied petitioner's state habeas petition by citing In re Dexter, 25 Cal.3d 921, 925-26 (1979). (See ECF No. 11-1 at 71.) Dexter stands for the proposition that a state habeas petitioner "will not be afforded judicial relief unless he has exhausted administrative remedies." Id. at 925.

1

1          *Exhaustion of State Court Remedies*

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982).

In In re Dexter, the California Supreme Court held that the court will not afford a prisoner judicial relief unless he has first exhausted available administrative remedies. 25 Cal.3d at 925. The California Supreme Court's citation to In re Dexter demonstrates that the court did not reach the merits of petitioner's claims because he failed to exhaust his available administrative remedies. See Harris v. Super. Ct., 500 F.2d 1124, 1128 (9th Cir. 1974) (en banc) ("If the denial of the habeas corpus petition includes a citation of an authority which indicates that the petition was procedurally deficient or if the California Supreme Court so states explicitly, then the available state remedies have not been exhausted as the California Supreme Court has not been given the required fair opportunity to correct the constitutional violation.").

As observed recently by the United States District Court for the Northern District of California,

> District courts in California have consistently held that if the California Supreme Court denies a petition with a citation to In re Dexter, the prisoner has not exhausted state court remedies as required. See, e.g., Riley v. Grounds, 2014 WL 988986 at *4 (N.D. Cal. Mar. 10, 2014) (granting motion to dismiss petition as unexhausted in light of California Supreme Court's summary denial with a citation to In re Dexter); Turner v. Director of CDC, 2014 WL 4458885 at *3 n. 2 (E.D. Cal. Sept. 10, 2014) ("[F]or exhaustion purposes, the citation to Dexter alone is sufficient, without the need to review the state petition, to establish that the claims in the first amended petition were never considered on their merits by the state court and, thus, were not 'fairly presented' within the meaning of AEDPA."); Dean v. Diaz, 2014 WL 1275706 at *5 (E.D. Cal. Mar. 26, 2014) ("This court has regularly relied on a citation to Dexter to find that a federal petition is unexhausted.").

Stamos v. Davey, 2017 WL 412619 at * 1 (N.D. Cal. Jan. 21, 2017.)

Petitioner retained the ability to refile his state habeas petition after exhausting his claims through the administrative procedure but he filed his federal habeas petition instead. Based on

the California Supreme Court's citation to In re Dexter, the undersigned finds that petitioner has not exhausted his claims.

*Procedural Default*

A federal court will not review questions of federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). In the context of direct review by the United States Supreme Court, the "independent and adequate state ground" doctrine goes to jurisdiction; in federal habeas cases, in whatever court, it is a matter of comity and federalism. Id.

In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. Where the petitioner's claims were not fairly presented to the state courts, but an independent and adequate state procedural rule exists which bars their review, claims are procedurally barred in federal habeas review. Casey v. Moore, 386 F.3d 896, 919 (9th Cir. 2004) (finding that Washington's state procedural rule setting one-year limit on a personal restraint petition which raises a federal claim not raised on direct review precludes federal review of claim that would no longer be timely under that rule).

California's administrative exhaustion rule is based solely on state law and is therefore independent of federal law. See Stamos v. Davey, 2017 WL 412619 at * 2, citing Carter v. Giurbino, 385 F.3d 1194, 1197–98 (9th Cir. 2004) ("A state ground is independent only if it is not interwoven with federal law."); Cal. Code Regs. tit. 15, § 3084.1(a) (prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare"). "California's administrative exhaustion rule has also been firmly established and has been regularly followed since 1941 and is therefore adequate to support a judgment." Id., citing Abelleira v. Dist. Ct. of App., 17 Cal.2d 280, 292 (1941) ("the rule is that where an administrative

remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act."); In re Muszalski, 52 Cal. App. 3d 500, 503 (1975) ("It is well settled as a general proposition that a litigant will not be afforded relief in the courts unless and until he has exhausted available administrative remedies."); Drake v. Adams, 2009 WL 2474826 at *2 (E.D. Cal. Aug. 11, 2009) ("In reviewing California cases in which the issue of exhaustion was decided during the past 10 years, the Court was unable to find a single case in which a California appellate court did not deny a petition for failure to exhaust administrative remedies. Thus, this doctrine appears to be well established and consistently applied.").

Federal courts in California have repeatedly held that if the California Supreme Court denies a petition with a citation to In re Dexter federal habeas review is procedurally barred because California's administrative exhaustion rule is both independent of federal law and adequate to support the state court judgment:

> See Bartholomew v. Haviland, 467 Fed.Appx. 729, 730-31 (9th Cir. 2012) (petition was procedurally barred for failure to exhaust prison appeals process); see also Riley, 2014 WL 988986 at *4 (granting motion to dismiss petition as procedurally barred in light of California Supreme Court summary denial with a citation to In re Dexter); Turner, 2013 WL 4458885 at *6 (petitioner's remaining claims procedurally barred pursuant to California Supreme Court's citation to In re Dexter); Yeh v. Hamilton, 2013 WL 3773869 at *2-3 (E.D. Cal. July 17, 2013) (petitioner's claims procedurally barred after California Supreme Court denied state petition with citation to In re Dexter); Foster v. Cate, 2013 WL 1499481 at *3-4 (E.D. Cal. Apr. 11, 2013) (California Supreme Court's citation to In re Dexter is both independent and adequate and therefore respondent is correct that federal habeas review is procedurally barred).

Stamos v. Davey, 2017 WL 412619 at * 3.

Petitioner has not alleged any facts to cast doubt on the adequacy or consistent application of California's administrative exhaustion rule. See Bennett v. Mueller, 322 F.3d 573, 586 (9th Cir. 2003). Accordingly, the undersigned finds that petitioner's claims are procedurally defaulted.

As noted above, the court may still consider petitioner's claims if he demonstrates: (1) cause for the default and actual prejudice resulting from the alleged violation of federal law, or (2) a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. The existence of cause

4

for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule. McCleskey v. Zant, 499 U.S. 467, 493–94 (1991). Examples of cause include showings "that the factual or legal basis for a claim was not reasonably available to counsel," "that some interference by officials made compliance impracticable," or "of ineffective assistance of counsel." Murray v. Carrier, 477 U.S. 478, 488 (1986).

Prejudice is difficult to demonstrate:

> The showing of prejudice required under Wainwright v. Sykes [433 U.S. 72 (1977)] is significantly greater than that necessary under "the more vague inquiry suggested by the words 'plain error.'" Engle [v. Isaac], 456 U.S., at 135; [United States v.]Frady, supra, 456 U.S., at 166. See also Henderson v. Kibbe, 431 U.S. 145, 154 (1977). The habeas petitioner must show "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, supra, at 170.

Id. at 493–494(omission in original).

In his opposition, petitioner argued that prison officials interfered with his ability to properly exhaust administrative remedies. On February 15, 2017, the undersigned ordered the parties to file further briefing regarding this issue. (ECF No. 13.) On February 27, 2017, petitioner filed his further briefing. (ECF No. 14.) On March 13, 2017, respondent filed his further briefing. (ECF No. 15.) For the following reasons, the undersigned finds that petitioner has not demonstrated cause for his default based on alleged interference by prison officials with his exhaustion of administrative remedies.

The record contains the following, relevant documents regarding petitioner's exhaustion of administrative remedies. On February 9, 2015, a memorandum was issued denying the merits of petitioner's second level appeal, challenging the at-issue prison disciplinary, CSP-S-15-0026. (ECF No. 1 at 65.) On June 11, 2015, petitioner's third level grievance was rejected because it did not include the CDC Form Rules Violation Report. (Id. at 67.) Petitioner typed on the bottom of the form, apparently when he resubmitted his grievance to the third level, "I, Joseph Stafford, did send the complete record. It included the claimed missing CDC Form 115; I have

another copy and declaration." (Id.)

On August 11, 2015, petitioner's resubmitted third level grievance was again rejected because it did not include the CDC Form 115, Rules Violation Report. (Id. at 68.) The August 11, 2015 response stated, "There is no RVR attached to this appeal. Attach the RVR as requested. Remove the 'declaration' dated June 29, 2015 from the appeal packet." (Id.) Petitioner handwrote on the bottom of the form, apparently when he resubmitted his grievance a second time, "I don't understand how you can't see the RVR that was previously attached. It's the first sheet under this one. Notice no holes or removal from 'your' original staples." (Id.) Petitioner signed and dated this comment on August 18, 2015. (Id.)

On November 12, 2015, petitioner's second resubmitted third level grievance was rejected because petitioner did include the entire CDC Form, Rules Violation Report. (Id. at 69.) The November 12, 2015 response stated, "This is the third and final request for the required documentation. You have attached one, unsigned page from the RVR. You must attach the entire, completed final Rules Violation Report (RVR) and any supplemental documents that are attached to the RVR. Failure to cooperate will result in the cancellation of your appeal." (Id.) At the bottom of this form, petitioner wrote, "I went to my counselor, shown her this and she printed out these 3 pages attached." (Id.)

In the February 15, 2017 further briefing order, the undersigned found that the petitioner's note at the bottom of the November 12, 2015 form rejecting his second resubmitted third level grievance suggested that he resubmitted the third level grievance a third time with the entire Rules Violation Report. However, the record contained no indication regarding whether petitioner received a response to this third resubmitted grievance. Petitioner was directed to submit a short briefing addressing whether he resubmitted his third level grievance a third time after receiving the November 12, 2015 response. If petitioner resubmitted his third level grievance a third time, petitioner was directed to describe the documents he attached to the third resubmitted grievance. If petitioner received a response, petitioner was directed to describe the response and attach any documents he received in response.

////

Attached to petitioner's further briefing is a copy of the response he received to his third resubmitted third level grievance. (ECF No. 14 at 3.) This response, dated December 17, 2015, states that his appeal was cancelled because,

> You continue to submit a rejected appeal while disregarding appeal staff's previous instructions to correct the appeal.
>
> The last third level screen out letter advised you that it was the third and final request for the required documentation. You did not attach the CDCR 115-A for this appeal. Therefore, it has been cancelled for failure to cooperate.

(Id.)

As noted by respondent in their further briefing, petitioner failed to describe the documents he claims he submitted in support of his third resubmitted third level grievance.

Petitioner has not demonstrated that prison officials interfered with his ability to exhaust his administrative remedies. While petitioner alleges that prison officials wrongly found that he did not attach the required documents to his grievances, petitioner has not provided evidence to support this claim. Most notably, petitioner failed to specifically describe the documents he allegedly attached to the third resubmitted third level grievance. For these reasons, the undersigned finds that petitioner has failed to establish cause for his default.

Even assuming that petitioner could establish cause, he has failed to demonstrate prejudice. Nor does a review of the petition or exhibits for the various filings demonstrate prejudice that would meet the high standard described above. For these same reasons, petitioner has also failed to show a fundamental miscarriage of justice. For all these reasons, the claims are procedurally barred.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 11) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections,

he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 10, 2017

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Staff1655.fr